Putnam J.
delivered the' opinion of the Court. The objection which has been made to the first count, and which we consider as fatal, is, that it does not appear from that count but that the persons entertained were lodgers at the defendant’s house ; in which case he would not be guilty of any offence. The rule is, that where the enacting clause describes -the offence, with certain exceptions, it is necessary to state all the circumstances which constitute the offence, and to negative the exceptions ; but where the exceptions are contained in separate clauses or provisions of the statute, they may be omitted in the indictment, and may be shown by the defendant as matters in defence. In Rex v. Jarvis, cited in 1 East’s Rep. 643, note, Lord Mansfield and his associate judges speak of this as a known distinction. That case is reported in 1 Burr. 148. It was a conviction under the game laws, where one of the qualifications, viz. being a game keeper, was not negatived, and the conviction was quashed. So in 1 East’s P. C. 166, upon an indictment for counterfeiting coin, all the judges held, that it ought to be averred that the party was not employed in the mint or authorized by the treasurer, because the exception is in the enacting clause and part of the description of the offence *151 This principle is to be found in 1 Chit. Cr. L. 283, and is fully supported by the cases there and above cited. In the case at bar, negatives are employed in the clause enacting and describing the offence. The persons entertained are not to be travellers, strangers or lodgers. But the first count does not allege this fact, and for this reason is insufficient.[1]
The objection which is made to all the counts is, that they are void for uncertainty in not alleging how many persons were entertained, so that the court might know how to punish the defendant according to the provision of the statute. To this it has been replied, that the fourth count is exactly conformable to the words of the statute, and that the offence would be complete if only one person had been entertained contrary to the act.
We have been referred to the case of The King v. Dixon et ux., 10 Mod. 335. That was an indictment charging that the defendants et uterque eorum, did unjustly &c., such a day et diversis aliis diebus et vicibus, tam antea quam postea, keep a common gaming house ; and it was objected that the penalty of forty shillings a day, given by the statute, could not be recovered, because it was not said that ver svatium of one day, or several days, they kept &c., nut omy that such a day &c. The court held that the keeping it on any part of the day was sufficient; but that the time was so uncertain as to all but one day, that only forty shillings were recoverable.
If in that case there had not been an offence alleged on a certain day, but it had been set forth merely that the defendants kept the gaming house on divers days and times, it would have been bad ; for it could not have been known how many penalties of forty shillings the defendant had incurred. It is a strong case in support of the objection made in tbs case at bar. •
In 2 Chit. Cr. L. 20, is an indictment against a butcher for keeping an open shop, stating that he, on &c. and continually afterwards until the day of the taking of the inquisi *152 tion, was a common sabbath breaker, and that he on &c., being the Lord’s day, and on divers other days and times, being the Lord’s days, during the time aforesaid, openly and publicly sold and exposed to sale flesh meat to divers persons &c. The offence is keeping an open shop ; and the selling of meat to twenty persons on one day would constitute but one offence. So the indictment in 3 Chit. Cr. L. 672, is for one offence, in selling beer and ale on Sunday to divers ill disposed persons. It was settled in Crepps v. Durden, that a person who exercises his ordinary calling on Sunday, is guilty of only one offence on one and the same Sunday, under St. 29 Car. 2, c. 7. Cowp. 644 ; 1 Hawk, c. 6. So by the game law of 4 & 5 Anne, c. 14, an unqualified person using a gun or net is to forfeit five pounds ; but if such a person should kill ever so many hares on one day, he would be liable to but one penalty of five pounds.
But the 3d section of St. 1791, c. 58, gives a penalty of ten shillings ufor each person so entertained, ” contrary to the act. The number of persons therefore becomes material. Lord Chief Justice De Grey, in Rex v. Horne, Cowp. 682, lays down the rule very well in regard to this matter. “ The charge must contain such a description of the crime, that the defendant may know what crime it is which he is called upon to answer ; that the jury may appear to be warranted in their conclusion of guilty or not guilty upon the premises delivered to them ; and that the court may see such a definite crime, that they may apply the punishment which the law prescribes.” [1]
The conviction or acquittal should also be a good bar to a subsequent prosecution for the same offence.
This strictness has been held requisite even in trespass. In Playter's case, 5 Co. 35, a declaration in trespass qu. cl. fregit, el' pisces suos cepit, was held bad, because the number and kind of fish were not stated. This was held to be matter of substance. The same point was resolved in 1 Venti 272, where it is said, that an action for taking'the plaintiff’s beasts, without saying what, would not be sustained. In *153 1 Ventr. 329, some of the court thought the rule in Playter's case too strict, but stated that it had remained unshaken. Com. Dig. Pleader, c. 21. So in Wyat v. Essington, 1 Str. 637, a declaration in trespass, for taking diversa bona et catalla ipsius Sara adtune et ibidem inventa, was held bad after verdict. So in Bertie v. Pickering, 4 Burr. 2455, trespass for taking goods, was held bad after verdict. Lord Mansfield thought the true reason why the particulars ought to be specified, was, because otherwise the defendant could not justify. In Wiatt v. Essington, 2 Ld. Raym. 1410, the reason assigned is, that a recovery would be no bar to another action for the same goods ; and this seems to be quite a good reason.
An indictment quod felonice cepii et asportavit bona et catalla, without showing what, is bad. 2 Hal. P. C. 182. The numbei of things stolen should be expressed. It is not sufficient o say, felonice furatus est oves, without saying how many. Ibid.[2] 3
It has been contended, however, by the counsel lor tne commonwealth, that the entertaining of one person contrary to the statute, would be an offence, and that the allegation that the defendant entertained divers persons, certainly includes one person, and so the indictment is good for at least one offence in each of the three last counts. This would be to understand the indictment as containing a charge for entertaining one person only contrary to the statute. If that was the intent, it should appear plainly, and not by inference. The allegation that the defendant entertained divers persons, varies the accusation materially, and the evidence which would support the one would not support the other. The defendant could not, with that certainty required in criminal accusations, know for what he was called to answer, if divers should be construed or understood as one. His attention would naturally be drawn to disprove the allegation, that he had entertained divers persons on a certain day, and not to disprove that he had entertained a single person.
*154 Suppose the jury should have found the defendant guilty upon this indictment; the court must necessarily understand that it had been proved that the defendant entertained more than one person contrary to the statute. Then if the court should punish for one offence, it would not only be contrary to the finding of the jury and the allegation, but it would not be doing justice to the commonwealth; for if the court should award hut one penalty for divers offences, the punishment would manifestly be inadequate. Then as it is wholly uncertain bow many persons were entertained, the court cannot know with certainty how many penalties have been incurred.

Indictment quashed.

 King v. Dove, 3 Barn. & Ald. 596; Smith v. Moore, 6 Greenl. 279; Newis v. Lark, Plow. 410; Steel v. Smith, 1 Barn. & Ald. 99; Vavasour v. Ormrod, 6 Barn. & Cressw. 430; S. C. 9 Dowl. & Ryl. 599.

 See Lambert v. The People, 9 Cowen, 578.

 1 Chit. Crim. Law, (2d ed.) 229, 230.